UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KALEIDAH JACKSON, et al., | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-465-CEJ |
| | ) | |
| C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand this action to the Missouri state court from which it was removed, and their motion for expedited briefing. Also before the Court are defendants' motions to dismiss four non-Missouri plaintiffs' claims for lack of personal jurisdiction and to stay the proceedings. The issues are fully briefed.

### I. Background

Ten plaintiffs initiated this action in the Circuit Court of the City of St. Louis to recover damages for injuries they allegedly sustained as a result of their implantation with Inferior Vena Cava (IVC) filters. According to the complaint, those medical devices were designed, manufactured, tested, labelled, marketed, warranted, and sold by defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.

The complaint identifies a single product line of six generations of IVC filters. Among other things, all of those filters allegedly "contain the same or substantially similar defects[,] resulting in the same or substantially similar mechanism of injury to" the plaintiffs. Compl. ¶ 158. For example, "draw markings" on the "exterior

surface of" all of the IVC filters purportedly "compromise[] the structural integrity" of the filters, a common manufacturing defect that renders each filter "too weak to withstand normal placement within the human body." *Id.* ¶¶85–86, 124–25, 136–37, 139, 141, 148, 150, 153, 156. Plaintiffs assert state law-based strict liability claims of defective manufacture, defective design, and inadequate warning, corresponding negligence claims, breach of warranty, negligent misrepresentation, and fraud.

Defendants removed the action to this Court, invoking jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a). C. R. Bard is incorporated in and maintains its principal place of business in New Jersey. [Doc. #1 at 10] Bard Peripheral Vascular is incorporated in Arizona and maintains its principal place of business in that state. *Id.* Plaintiff Paul Piwetz is also a citizen of Arizona. Plaintiffs Kaleidah Jackson, Mark Meyers, Joe Nicholson, J.D. Parish, Edward Pound, and Allan Rich are citizens of Missouri. Pound was implanted with an IVC filter in the City of St. Louis. The three other plaintiffs are citizens of North Dakota, South Carolina, and Tennessee.

Although complete diversity does not appear on the face of the complaint, defendants argue that for jurisdictional purposes, the Court should consider only the properly-joined claims of the Missouri plaintiffs. They concede that Missouri's courts have specific personal jurisdiction over them in this case owing to the Missouri plaintiffs' claims. [Doc. #8 at 2] Nevertheless, defendants maintain that the claims of the remaining plaintiffs should not be considered because neither they nor their claims have any connection to Missouri and, therefore, the non-Missouri plaintiffs cannot establish personal jurisdiction over the defendants in Missouri.

2

Alternatively, defendants assert that the non-Missouri plaintiffs were improperly joined, fraudulently joined, or fraudulently misjoined. Plaintiffs counter that joinder is proper and move to remand.

## II. Motion to Stay

Defendants move to stay proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on their motion to transfer this case to the MDL proceeding, *In Re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v. Fresenius Med. Care N. Am., Inc.*, 4:13-CV-855-CEJ, 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (citations omitted). "This is especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Id.* Waiting for a decision by the JPML before ruling on the motion to remand "would not promote the efficient administration of justice." *Id.* Accordingly, defendants' motion to stay will be denied.

## III. Motion to Remand

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) [hereinafter *Prempro*] (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C.

§ 1447(c); Fed. R. Civ. P. 12(h)(3).  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  It is undisputed the amount in controversy exceeds $75,000 in this case.  The dispute here centers on which plaintiffs should be considered for purposes of assessing diversity of citizenship.

### A. Permissive Joinder

Defendants assert that joinder of all ten plaintiffs' claims is improper because plaintiffs' injuries occurred in different states, from different IVC filters, and under unique factual circumstances.  Fed. R. Civ. P. 20(a)(1) "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *Prempro*, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)).  Missouri's permissive joinder rule is substantively identical.  Mo. Sup. Ct. R. 52.05(a); *see State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. 1979) (en banc).  Consequently, under both the rules applicable when the complaint was filed in state court and the rules applicable in federal district court today the same test applies to determine if joinder is permitted.  The second prong of that test is satisfied because plaintiffs'

4

complaint raises common questions of law or fact regarding, *inter alia*, the manufacture of successive generations of IVC filters all allegedly plagued by the same defective "draw markings" that compromise their structural integrity. Other common questions will include what defendants knew about the risks the products posed, what they told regulators and the public, and whether those statements support actionable claims. Thus, the Court need only answer whether plaintiffs' claims arise from the same transaction or occurrence, or series thereof.

"In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Prempro*, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Accordingly, Rule 20(a) "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." *Prempro*, 591 F.3d at 622.

Plaintiffs' claims meet Rule 20(a)'s standard. Plaintiffs' allegations relate to, among other things, their implantation with IVC filters that all purportedly were manufactured with "draw markings" that compromised the filters' structural integrity. That common alleged deficiency in manufacture was not altered in any successive generation of the filters. Defendants point out that the design of each generation of filter varied, but those design variations do not undermine the common manufacturing defect claim. The defect claims that form the gravamen of plaintiffs' complaint are all reasonably related to one another by that identical alleged manufacturing flaw.

It is of no import that some of the plaintiffs did not identify with which generation of filter each was implanted, because the same manufacturing defect purportedly is present in all of them. Additionally connecting all of the plaintiffs' claims is their contention that defendants knew of that defect and did not inform regulators and the public of the common problem and its potential health consequences. Each of those transactions or occurrences, or a series of them, are common to all of the plaintiffs. That remains true even if plaintiffs were injured in different states, if they were under the care of different medical personnel, and if their injuries differ, as their claims are all reasonably related. *See id.*

Further, though defendants disclaim a close connection between the Missouri and non-Missouri plaintiffs' claims here, they practically concede that argument in moving to transfer to a Multidistrict Litigation proceeding ("MDL"). Defendants do not move to sever the Missouri plaintiffs' claims from each other, even though the arguments they advance regarding the factual differences between the in- and out-of-state plaintiffs' claims ought to apply with the same force to the claims of each Missouri plaintiff. They instead suggest that the Missouri plaintiffs' claims ought to remain together and then be consolidated with yet more claims in an MDL on common questions of fact. *See* 28 U.S.C. § 1407(a). In so urging defendants implicitly acknowledge that all the plaintiffs' claims are "reasonably related" by a series of transactions or occurrences beginning with defendants' purportedly defective manufacture of the filters. *See Prempro*, 591 F.3d at 622.

Defendants additionally reveal the interrelatedness of plaintiffs' manufacturing defect claims when they assert that, upon transfer to the MDL, the plaintiffs can each press their claims using the MDL's approved "Short Form

Complaint," which incorporates by reference a judicially-approved "Master Complaint." [Doc. #1 at 14 n.4] Defendants attached the Master Complaint to their notice of removal. [Doc. #1-4] The Master Complaint alleges all of the IVC filters at issue here suffer from the same structural integrity defect because of the "draw markings," and pleads the same manufacturing defect claim as pled in the instant complaint. *See id.* ¶¶ 85–86. Thus, defendants concede a common manufacturing defect claim underlies all the plaintiffs' claims, such that all are reasonably related to one another. *See Prempro*, 591 F.3d at 622.

For those reasons, the Court concludes that all of the plaintiffs' claims arise out of the same transaction or occurrence, or series thereof. Therefore, joinder of all ten plaintiffs' claims is proper under Rule 20(a).

### B. Fraudulent Joinder

Defendants next contend that the non-Missouri plaintiffs are fraudulently joined, such that those plaintiffs should not be considered for purposes of determining whether diversity exists. "Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." *Id.* at 620 (citing 14B Charles Alan Wright et al., *Federal Practice and Procedure* § 3723 (4th ed. 2009)). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *Id.* To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Systs. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the

non-diverse defendant, the joinder is fraudulent." *Id.* Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811).

Here, defendants are not asking the Court to evaluate the non-Missouri plaintiffs' claims to determine if those claims are viable under substantive state law. Rather, defendants are challenging the propriety of joining the non-Missouri plaintiffs' claims into a single action by asserting a procedural challenge to personal jurisdiction. Yet, defendants cite no binding authority holding the theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural challenge to a court's personal jurisdiction over a defendant. The Court "rejects such a contorted theory of fraudulent joinder." *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015). Consequently, because defendants' only argument that the non-Missouri plaintiffs were fraudulently joined is a procedural challenge to personal jurisdiction rather than a substantive challenge to the viability of the claims, the Court concludes that the non-Missouri plaintiffs were not fraudulently joined to this action.

### C. Fraudulent Misjoinder

According to defendants, the non-Missouri plaintiffs were also fraudulently misjoined with the Missouri plaintiffs. Defendants acknowledge that this Court has repeatedly and emphatically rejected application of fraudulent misjoinder in circumstances like those presented by this case, but they nevertheless press that theory. *See, e.g., id.* The Eighth Circuit has not yet determined whether removal based on diversity of citizenship can be thwarted where there is fraudulent

misjoinder. In *Prempro*, the court discussed the doctrine of fraudulent misjoinder:

> A more recent, somewhat different, and novel exception to the complete diversity rule is the fraudulent misjoinder doctrine which one appellate court and several district courts have adopted. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. In such cases, some courts have concluded that diversity is not defeated where the claim that destroys diversity has "no real connection with the controversy" involving the claims that would qualify for diversity jurisdiction.

*Prempro*, 591 F.3d at 620 (footnotes and citations omitted).

In *Prempro*, the plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. The cases were removed to the federal district court based on the defendants' assertion of diversity jurisdiction. The defendants maintained that the plaintiffs' claims were fraudulently misjoined, because they did not arise out of the same transaction or occurrence as required by Fed. R. Civ. P. 20(a).

The *Prempro* court declined to either adopt or reject the fraudulent misjoinder doctrine, because it found that, even if the doctrine were applicable, the "plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. In reaching this conclusion, the court considered that the plaintiffs' claims arose from a series of transactions involving the HRT manufacturers and the HRT users, and that common questions of law and fact were likely to arise in the litigation, particularly on the issue of causation, *i.e.*, the existence of a link between the HRT drugs and plaintiffs' injuries. *Id.* at 623. The court concluded that, "[b]ased on the plaintiffs' complaints, we cannot say that

9

their claims have 'no real connection' to each other such that they are egregiously misjoined." *Id.* (distinguishing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham'").

In the instant case, defendants have not demonstrated that the joinder of the non-diverse plaintiff, Piwetz, with the Missouri plaintiffs in this action "borders on a sham." *Id.* at 624. To the contrary, for all of the reasons discussed above, Piwetz's claims—as with those of all the non-Missouri plaintiffs—meet the same transaction or occurrence, or series thereof, test required for joinder under Rule 20(a). Moreover, as this Court has found in several recent cases, the joinder of plaintiffs who allege injuries from the same manufacturing or design defect is not "egregious," because common issues of law and fact connect plaintiffs' claims. *See, e.g.*, *Simmons*, 2015 WL 1604859; *Aday v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2462-CEJ, 2014 WL 169634 (E.D. Mo. Jan. 15, 2014); *Woodside v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-2463-CEJ, 2014 WL 169637 (E.D. Mo. Jan. 15, 2014); *Spears*, 2013 WL 2643302. Similarly, plaintiffs here have filed suit against defendants for injuries caused by the same manufacturing defect, and arising out of the same manufacturing practices that resulted in that alleged defect—the same transactions—and common issues of law or fact are likely to arise in the litigation over those practices.

Finally, the Court finds unpersuasive defendants' arguments that plaintiffs' claims depend on unique factual determinations, that the different laws of numerous states apply to the claims, and that joinder of the non-diverse plaintiffs was specifically calculated to defeat federal jurisdiction. As discussed above,

plaintiffs have met the standard for joinder under Rule 20(a). The presence of some unique factual circumstances in each of plaintiffs' claims and the necessity to apply parallel state legal standards to those claims does not undercut the propriety of joinder. Moreover, "the bad faith referred to in *Prempro* must be something more than a desire to defeat federal jurisdiction." *Simmons*, 2015 WL 1604859, at *4 (quotation marks and citation omitted). Thus, Piwetz's claims are not fraudulently misjoined, complete diversity is absent, and the case must be remanded.

Because the Court lack subject matter jurisdiction, it will not address defendants' motion to dismiss for lack of personal jurisdiction.

\* \* \* \* \*

**IT IS HEREBY ORDERED** that defendants' motion to stay proceedings pending the decision of the JPML [Doc. #9] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to expedite ruling on the motion to remand [Doc. #13] is **moot**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [Doc. #11] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis), from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of May, 2016.